UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CYNTHIA L. OZGA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>A-1 COLLECTION AGENCY, LLC,<br><br>　　　　Defendant. | Case No. 1:21-cv-03097 |

## COMPLAINT

**NOW COMES** Plaintiff, CYNTHIA L. OZGA, by and through her undersigned counsel, complaining of Defendant, A-1 COLLECTION AGENCY, LLC, as follows:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Colorado Consumer Protection Act ("CCPA").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. CYNTHIA L. OZGA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Grand Junction, Colorado.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. A-1 COLLECTION AGENCY, LLC ("Defendant") is a limited liability company with its principal place of business at 715 Horizon Drive, Suite 401, Grand Junction, Colorado 81506-8731.

1

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

9. Plaintiff's husband was chronically ill and obtained medical services from Community Hospital ("CH") in 2019-2020.

10. Unfortunately, Plaintiff's husband passed away in January 2020.

11. Plaintiff's husband had two insurance policies, Rocky Mountain Health through his employer, and supplemental insurance through the State of Colorado.

12. At the time of her husband's death, Plaintiff believed that his health insurance policies should cover the expenses of her husband's medical services ("subject debt").

13. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Unfortunately, CH never submitted the claim to Plaintiff's second insurance policy, through the State of Colorado.

15. Specifically, both of the insurance policies were provided through Rocky Mountain Health, causing Plaintiff to believe that CH only submitted the claims to the first insurance policy and not the supplemental policy.

16. When Plaintiff discussed the issue with CH, she was told that the subject debt is the remainder of the balance owed.

17. When Plaintiff had discussed the matter with Rocky Mountain Health, she was advised that her husband was covered and that the subject debt should be covered.

18. Instead, CH placed the subject debt with Defendant for collection in Plaintiff's husband's name.

19. To Plaintiff's surprise, in September 2021, Defendant placed the subject debt in Plaintiff's name instead of her husband's name.

20. Additionally, on November 1, 2021, Plaintiff noticed that the subject debt was now reporting on *her* credit report as in collections and/or charged-off.

21. Concerned with Defendant's behavior, Plaintiff retained counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

22. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violations of FDCPA § 1692e

23. Pursuant to §1692e of the FDCPA, a debt collection is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt." 15 U.S.C. §1692e.

24. Section 1692e(2) of the FDCPA prohibits a debt collector from the "false representation of (a) the character, amount, or legal status of any debt." 15 U.S.C. §1692e(2).

25. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant violated §§1692e and e(2) when it attempted to collect the subject debt from Plaintiff.

27. Specifically, Plaintiff's husband and/or his estate were responsible for the subject debt, as he is the one who incurred the charges; so, any indication that Plaintiff was responsible was an inaccurate portrayal of the amount and legal status of the subject debt.

28. Further, *in arguendo*, if Plaintiff is responsible for the subject debt, CH should have submitted a claim against the second insurance policy, which would have covered the remainder of the balance.

29. Attempting to collect the subject debt from Plaintiff without having submitted the debt to the second insurance policy creates an inaccurate portrayal of the amount and legal status of the subject debt.

30. Defendant violated §§1695e and e(10) when Defendant switched the subject debt into Plaintiff's name and reporting the subject debt to Plaintiff's credit report when the subject debt did not belong to her.

**WHEREFORE**, Plaintiff, CYNTHIA L. OZGA, requests the following relief:

A. a finding that Defendant violated the above-mentioned statute;

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of attorney's fees and costs; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Colorado Consumer Protection Act (CCPA)

31. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

32. To prevail on a Colorado Consumer Protection Act ("CCPA") claim:

4

a plaintiff must show: (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury. *Kelly v. Wolpoff & Abramson, L.L.P.*, 2007 U.S. Dist. LEXIS 60528, at *25 (D. Col. 2007).

33. Defendant violated the CCPA by attempting to collect the subject debt from Plaintiff when she did not owe the subject debt.

34. Defendant's conduct as outlined herein was patently unfair and caused Plaintiff serious injury; specifically, Plaintiff has had to endure collection activity from Defendant on a debt that was not hers, including reporting the subject debt to her credit report, after suffering the loss of her husband.

35. Plaintiff had no choice but to submit to Defendant's abusive and harmful conduct as outlined herein.

36. Plaintiff's experience with Defendant as set forth herein is not unique to Plaintiff as Defendant systemically abuses consumers in Colorado. A cursory investigation of Defendant reveals that Defendant is regularly sued for conduct against consumers in Colorado.

**WHEREFORE**, Plaintiff, CYNTHIA L. OZGA, respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the CCPA;

   b. Enjoin Defendant from further collection activities against Plaintiff;

   c. Award Plaintiff actual damages and punitive damages, in an amount to be determined at trial, for the underlying CCPA violations;

   d. Award Plaintiff costs and reasonable attorney fees; and

   e. Award any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 18, 2021

Respectfully submitted,

**CYNTHIA L. OZGA**

By: */s/ Jennifer Ann McLaughlin*

Jennifer Ann McLaughlin, Esq.
Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
jmclaughlin@sulaimanlaw.com
mdaher@sulaimanlaw.com